(5)

FILED
JUN 15 2007
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 07-22119-C-7 |
| WILLIAM GLEN WISE | MC No. PD-1 |
| Debtor. | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION FOR RELIEF FROM AUTOMATIC STAY NOT INTENDED FOR PUBLICATION**

These findings of fact and conclusions of law, which are not intended for publication, are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014.

### Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(G).

### Findings of Fact

Debtor filed his voluntary chapter 7 petition on March 27, 2007. He scheduled real property commonly known as 321

33

Quail Hallow Drive, Ione, CA ("property") as property of the estate. The first meeting of creditors was held on May 4, 2007. The chapter 7 trustee filed a report finding that there is no property available for distribution from the estate over and above that exempted by the debtor. Debtor has not yet been discharged from all dischargeable debts, however has filed a certificate indicating he completed the Financial Management Course on May 11, 2007. Thus, the debtor will soon receive a discharge from all dischargeable debts.

On May 14, 2007, First Franklin Financial Corporation ("movant") filed a motion, notice, and declaration requesting that this court vacate the automatic stay to permit movant to foreclose upon the property. The fair market value of the property is approximately $424,220.00. Movant has a lien on the property in the approximate amount of $332,665.76. There are other liens against the property in the approximate amount of $85,276.76.

On June 1, 2007, movant filed an Assignment/Transfer of Claim from movant to Litton Loan Servicing LP.

No opposition to the motion was filed within the time prescribed by Local Bankruptcy Rule 9014-1(f)(1). The parties have consented to taking evidence by affidavit and have not demonstrated that there is any disputed material factual issue that would warrant an evidentiary hearing. See L. Bankr. R. 9014-1(f)(1). The evidentiary record is closed. Id.

Upon review of the record, the court determined that the written record was adequate and that no oral argument is necessary.

## Conclusions of Law

The automatic stay of acts against debtor <u>in personam</u> expires when the debtor is granted a discharge. 11 U.S.C. § 362(c)(2)(C). Acts against property of the estate remain stayed until the earliest of the time when the bankruptcy case is closed, dismissed, or the property ceases to be property of the estate. 11 U.S.C. § 362(c). The automatic stay may be terminated earlier if debtor fails to protect the secured party's interest adequately, § 362(d)(1), and, with respect to a stay of an act against property, debtor does not have equity in the property, § 362(d)(2)(A), and the property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(2)(B). The issue of whether the property is necessary to an effective reorganization is not considered in a chapter 7 case because no reorganization is contemplated in a chapter 7 case.

The debtor appears to have some equity in the property. Also, the debtor has completed the Financial Management Course, which is the final requirement before he is granted a discharge. Once debtor receives this discharge, the automatic stay will expire as to the debtor under § 362(c)(2)(C). Thus, the motion insofar as it is directed at the interest of the debtors will be denied.

However, the motion will be granted as to the interest of the trustee.

An appropriate order will issue.

Dated: June 15, 2007

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

William Glen Wise
321 Quail Hallow Drive
Ione, CA 95640

Scott A. CoBen
Scott A. CoBen & Associates
1214 F Street
Sacramento, CA 95814

Steven W. Pite
David E. McAllister
Adam B. Arnold
Pite Duncan, LLP
525 E. Main Street
P.O. Box 12289
El Cajon, CA 92022-2289

First Franklin Financial Corporation
Attn: Bankruptcy Dept.
P.O. Box 1838
Pittsburgh, PA 15230-1838

Litton Loan Servicing LP
Attn: Donna Medrano
4828 Loop Central Drive
Houston, TX 77081

John R. Roberts
P.O. Box 1506
Placerville, CA 95667

Office of the United States Trustee
United States Courthouse
501 "I" Street, Suite 7-500
Sacramento, CA 95814

Dated: 6/18/07

_____
Deputy Clerk